FILED

JAN 1 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

FORM FOR USE IN APPLICATIONS

FOR HABEAS CORPUS UNDER 28 U.S.C. § 2241, et. seq.

CASE NUMBER   1:06CV00105

JUDGE: Henry H. Kennedy

DECK TYPE: Habeas Corpus/2255

DATE STAMP: 01/19/2006

Name: Robert Lee Gill, Jr.

Prison Number: 23263

Place of Confinement: Bexar County Detention Center, 200 N. Comal, San Antonio, Texas 78207

United States District Court _____ District of Columbia

Case No. _____
(To be supplied by Clerk of U.S. District Court)

Robert Lee Gill, Jr. _____, PETITIONER
(Full name)

v.

Sheriff Ralph Lopez, Judge Janet Littlejohn & Atty. Ben Gregg Abbott _____, RESPONDENT

(If petitioner has a sentence to be served in the **future** under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. §2255, in the federal court which entered the judgment.)

1

## PETITION

1. Names and location of court which entered the judgment of conviction under attack <u>225th District Court of Bexar County, Texas & the 225th District Court of "Comal County", Texas;</u>

2. Date of judgment of conviction <u>2/26/04 And 2/27/04</u>

3. Length of sentence <u>90 Days & $2,800 / 180 Days & $5,000</u>   Sentencing judge <u>Janet Littlejohn</u>

4. Nature of offense or offenses for which you were convicted: (All counts) <u>Criminal Contempt For Non-Payment Of Illegal Child Support Arrearages. Texas Government Code Article 21.002(b);</u>

5. What was your plea? (check one)
   (a) Not guilty (✓)
   (b) Guilty ( )
   (c) Nolo contendere ( )
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: _____

6. Kind of trial: (check one)
   (a) Jury ( )   <u>Jury Trial was Paid For And "Denied";</u>
   (b) Judge only (✓)

7. Did you testify at the trial?  Yes ( )   No (✓)

8. Did you appeal from the judgment of conviction?  Yes ( )   No (✓)

9. If you did appeal, answer the following:
   (a) Name of court   <u>N/A</u>
   (b) Result          <u>N/A</u>
   (c) Date of result  <u>N/A</u>

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?  Yes (✓)   No ( )

11. If your answer to 10 was "yes," give the following information:
    (a)(1) Name of court <u>4th Court of Appeals of Bexar County, Texas</u>
    (2) Nature of proceeding <u>Petition For Writ Of Habeas Corpus</u>

    (3) Grounds raised <u>Null And Void Conviction had in Direct Violation Of The Federal Removal Statutes (28 U.S.C. 1446(d) And 1447(c). And No Order Of Transfer As Required By Texas Family Code 201.006 For Jurisdiction By State Law.</u>

3

     (4)  Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ) No (✓)
     (5)  Result Denied - Court Found That "No" Removal Petition had EVER been Filed;
     (6)  Date of result UNKNOWN - DON'T REMEMBER
(b) As to any second petition, application or motion give the same information:
     (1)  Name of court Texas Supreme Court
     (2)  Nature of proceeding Petition For Writ Of Habeas Corpus
     (3)  Grounds raised Same Grounds As Previously Stated In Section 11(A)(3);

     (4)  Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ) No (✓)
     (5)  Result Denied Without A Written Opinion
     (6)  Date of result UNKNOWN DON'T REMEMBER
(c) As to any third petition, application or motion, give the same information:
     (1)  Name of court U.S. District Court For The District Of Columbia
     (2)  Nature of proceeding Petition For Writ Of Habeas Corpus, Cause No. 04-CV-02062-HHK;
     (3)  Grounds raised Same Grounds As Previously Stated In Section 11(A)(3);

     (4)  Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ) No (✓)
     (5)  Result Denied Because The Court Felt As Though Petitioner did NOT Ask For Permission;
     (6)  Date of result Motion To Vacate Order Was Denied On April 4th, 2005;
(d) Did you appeal to the highest court having jurisdiction the result of any action taken on any petition, application or motion:
     (1)  First petition, etc.    Yes (✓) No ( )
     (2)  Second petition, etc.  Yes (✓) No ( )
     (3)  Third petition, etc.   Yes ( ) No (✓)
(e) If you did <u>not</u> appeal from the adverse action on any petition, application or motion, explain briefly why you did not: The Respondents had Their Agents Arrest The Petitioner At The Bexar County Court House And Put Him In The Bexar County Jail On April 21st, 2005, As A Act Of Retaliation And To Prevent Him From Pursuing His Appellate Rights To Appeal To The Circuit Court Of Appeals For The District Of Columbia. This is Made Axiomatic By The Facts That Petitioner Has Been Illegally Incarcerated Over "271 Days" And He Has Never Been Taken To Respondent Judge (Littlejohn's Court Or Any State Court) For That Matter. Further, Texas Government Code Article 21, CCA 46) Carries A "Maximum Confinement Sentence" Of "180 Days", Six Months. Petitioner Has Been Illegally Confined "91 Days" Over The State Law Maximum And Kept Away From His Records At His Home, Thusly He Could NOT And Can NOT Take A Appeal Of Their Wrongful Overt Acts Of Retaliation For Exercising His Citizen's Rights To File Lawsuit In District Of Columbia.

4

12. State <u>concisely</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the <u>facts</u> supporting each ground. If necessary, you may attach pages stating additional grounds and <u>facts</u> supporting same.

   A. Ground one: _See Additional Page - Attached;_

   Supporting FACTS (tell your story <u>briefly</u> without citing cases or law): _See Additional Page - Attached;_

   B. Ground two: _See Additional Page - Attached;_

   Supporting FACTS (tell your story <u>briefly</u> without citing cases or law): _See Additional Page - Attached;_

   C. Ground three: _See Additional Page - Attached;_

   Supporting FACTS (tell your story <u>briefly</u> without citing cases or law): _See Additional Page - Attached;_

   D. Ground four: _See Additional Page - Attached;_

   Supporting FACTS (tell your story <u>briefly</u> without citing cases or law): _See Additional Page - Attached;_

## ADDITIONAL PAGE

12). A. Ground ONE: Null And Void Conviction For "No" ORDER OF REMAND WAS "ENTERED" To "REINVEST" STATE'S Jurisdiction Over "Removed Case"; Petitioner Removed his Divorce Proceeding (93-CI-14511) To The Federal District Court (Chief Judge Lucius Bunton's Chambers) on or about June, 1994. Judge Bunton Ordered his law Clerk to "File" the "REMOVAL PETITION"/MOTION To VACATE Judgment with the Clerk of the Courts. The Clerk "Filed" the Said Petition/Motion And "Without" A Federal ORDER of REMAND being Issued By Judge Bunton Transferred the Said Petition/Motion To the SAN ANTONIO Division, Who, Also, "Filed" It And Submitted It To Judge Fred Biery, Who, Simply "Denied" It... "Without" issuing A "Remand Order";

12). B. Ground Two: Null And Void State Proceedings "After" The Filing Of the "Second" Petition For Removal in The Federal District Court Of The District Of Columbia; Petitioner Filed A "Second" Removal Petition Of STATE Cause No. 93-CI-14511 To The Federal District Court in the District Of Columbia (Cause No. 03-CV-01491-JDB) And The STATE Officials, "Again", did "NOT" Halt their STATE Proceedings And Entered "Orders" in Defiance Of Federal Jurisdiction, Ordering Petitioner To "APPEAR" And "DEFEND" And "IMPRISONMENT" Without Awaiting A "Remand Order".

12). C. Ground Three: No Valid Commitment Order From A STATE Court Of Jurisdiction And Illegal Sentence "Completely Served" Under STATE Contempt Statute; Petitioner, in or on July 27, 2005, Purchased "Certified Copies" Of the STATE Records (i.e. Enforcement Contempt Sentence Of February 26th, 2004 And "Commitment Order" Of February 27th, 2004) For STATE Cause No. 93-CI-14511, To which "The Commitment Order" was "Bogus", Issued By A "Bogus" And "Non-Existent" STATE Court From "Comal County", To which, Judge Janet Littlejohn, is "NOT" A "Elected" OR "Appointed" Judge. The Said Order Increased the Confinement To "180 days" And Payment To "$5,000 Without Notice To The Petitioner, Whom, Also, has Served the "Maximum Penalty" For Contempt Confinement.

<u>Additional Page</u>

12). D. Ground Four: STATE'S RETALIATORY SENTENCE Has "EXPIRED" And "ELAPSED" Under State Statute For Contempt And Lost Authority And Jurisdiction By Law On October 17th, 2005;

Petitioner Argues that the State's Illegal Retaliatory Sentence Of Contempt Of Court has "EXPIRED" And "ELAPSED" For Texas Government Code Article 21.002(6) Carries A "Maximum Sentence" Of "180 Days". Since April 21st, 2005, Petitioner has been "Illegally Incarcerated" "236 Days". Thusly, Making Axiomatic Petitioner's Assertion Of Retaliation For Attempting to Exercise, Enforce And Enjoy His Citizen's Rights To Petition The Federal Courts For Redressments of His Grievances Against the State Of Texas And Her Officials.

12). E. Ground Five: Bogus And Fraudulent Court, 225th Judicial Court Of "Comal" County. "No Jurisdiction" And "Complete" Denial Of Due Process Of Law For "No" Valid Commitment Order;

On February 26th, 2004, the 225th Judicial Court Of Bexar County, Texas in "Removed" State Cause No. 93-CI-14571 Entered A Enforcement Contempt Order For Confinement Of the Petitioner For "72 Days" And a Payment Of $2,500 On Arrearage. The Next Day, February 27th, 2004, the "Alleged" 225th Judicial Court Of "Comal County", Texas Entered A "Commitment Order" that "Increased" And "Enhanced" the Petitioner's Confinement To "180 Days" Instead Of "72 Days" And Required Payment Of Arrearage To "$5,000" Instead Of "$2,500"... This Said Commitment Order Was "NOT" Served On the Petitioner, As Previously Stated.

12). F. Ground Six: Overt Act Of Deliberate And Wanton Ineffective Assistance Of Counsel By Attorney Richard IHFE;

On February 26th, 2004, Petitioner, during Said Enforcement Hearing, Suffered Severe Chest Pains And Was Vomitting Up Blood. Judge LittleJohn Refused To Grant The Petitioner A "Continuance". She, Instead, Appointed Attorney IHFE, who Was In Court

12). F. Ground Six, Continued: For a Hearing on a Lawsuit that he was Representing. Attorney Ihfe did not Request a "10 Day Continuance" to Review "11 Years" of Litigation. He Took a "15 Minute Recess" And Started His Representation of the Petitioner. Atty. Ihfe "Refused" to Follow Petitioner's Instruction to "Object" to the Court's Jurisdiction Due to the Removal Petition and No Federal Order of Remand Being Entered. He And His Assistant Attorney Further "Refused" to Allow the Petitioner to Testify by Trickerization And Coercion to Prevent the Petitioner From Presenting And Advancing His "Inability Defense" to Pay Any Arrearage because the Petitioner was on Food Stamps And was Only Receiving $100.00 Per Month From the GAP Program And this was Told to Atty. Ihfe. Thusly A "Available Defense" was "Not" Advanced, Deliberately And Intentionally by Atty. Ihfe in A "Overt Act" in Support of the "Contested Conspiracy" to Deny Petitioner's Citizen's Rights to Due Process of Law.

13). As Stated in Paragraph 12(C) The Petitioner was "Totally" Unaware of the Concerted Conspiratorial Actions Performed on February 27th, 2004 by Judge Janet Littlejohn And Texas Attorney General "Until" Petitioner Purchased the State Records (i.e., Enforcement Contempt Order of February 26th, 2004 And "Commitment Order of February 27th, 2004) From the State Clerk's Office On or About July 27th, 2005. The Court Clerk Nor the Texas Attorney General Served Copies of Said Orders Upon the Petitioner As Required by the Rules & Law... For Atty. Ihfe Services Was "Discharged" the Same Date of Appointment, February 26th, 2004. Petitioner was Unaware of the "Inability Defense" Until, On or About November 21st, 2005. While Performing Legal Research God Blessed Him With the Case Law of Ridgway v. Sheriff T.L. Baker, 720 F.2d. 1409 (5th Cir. 1983) N.13 And Ex Parte Rojo, 925 S.W. 2d. 654 (Tex. 1996).

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state <u>briefly</u> what grounds were not so presented, and give your reasons for not presenting them: _____
    *See Additional Page - Attached;*

14. If you did not file a motion under section 2255 of Title 28, United States Code, or if you filed such a motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention;

    (a) _N/A_

    (b) _N/A_

    (c) _N/A_

15. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes ( )  No (✓)

6

16. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing  Pro-Se
    (b) At arraignment and plea  Pro-Se
    (c) At trial  Pro-Se, "UNTIL" Petitioner Suffered Severe Chest Pains and Vomiting. The State Court Refused to Grant a Continuance and Appointed Richard Tate to Proceed.
    (d) At sentencing  Pro-Se
    (e) On appeal  Pro-Se
    (f) In any post-conviction proceeding  Pro-Se
    (g) On appeal from any adverse ruling in a post-conviction proceeding: Pro-Se

17. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes ( )  No (✓)

18. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack? Yes ( )  No (✓)
    (a) If so, give name and location of court which imposed sentence to be served in the future:  N/A
    (b) And give date and length of sentence to be served in future:  N/A
    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future? Yes ( )  No (✓)

Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding... And Grant Petitioner A Personal Recognizance Bond For He is NOT A Threat To Anyone Or To The Community And He Has Served "91 Days" Beyond The Maximum Confinement Penalty And He Needs Corrective Heart Surgery.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on  December 16th, 2005
             (Date)

                                                    _____
                                                           (Signature)
                                           Pro-Se

_____
   Signature of Attorney
        (if any)

7