United States District Court
For The District Of Columbia
Washington, D.C.

FILED
JAN 19 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Robert Lee Gill, Jr.
    Petitioner

VS.

Sheriff Ralph Lopez, Judge Janet
Littlejohn And Texas Attorney General
Gregg Abbott
    Respondents

CASE NUMBER 1:06CV00105
JUDGE: Henry H. Kennedy
DECK TYPE: Habeas Corpus/2255
DATE STAMP: 01/19/2006

Motion For Permission To Exercise Citizen's Right
To Petition The Federal Government For The Privilege
Of The Great Writ Of Habeas Corpus
In The Alternative A Declaratory Judgment Lawsuit

To The Honorable Chief Judge Of The Said Court:

Petitioner, Robert Lee Gill, Jr., moves in this Court requesting permission to Exercise, Enforce And Enjoy his Citizen's Rights To Petition The Federal Government For the "Privilege" of the Great Writ of Habeas Corpus. In the Alternative A Declaratory Judgment Lawsuit Pursuant To 28 U.S.C. 2201 And 2202. Petitioner will show the Court the following.

1. That Petitioner had Previously Sued Respondent Gregg Abbott And Former Texas Attorney General, Senator John Cornyn in Civil Action No. 03-CV-01491-JDB For Violation Of Federal Civil Rights Laws 28 U.S.C. 1446 (d) And 1447 (c) in Causes 93-CI-14511 And 94-CR-2306, To which, Was "Not" Denied And The

2

Pt. II: Kinsey Roof, P. Said Assistants, Admitted that Petitioner was "Entitled to Relief" in their Motion to Dismiss. Upon Petitioner moving for "Default Judgment" Judge John Bates "Without Notice" to the Petitioner or/ affording the Petitioner a "Opportunity to be Heard" "Lifted" Default against the said Respondents and entered a order Dismissing the Petitioner's Lawsuit and placed a "Barring Injunction Order" Liken Chief Judge William S. Sessions' "Barring Injunction Order" entered in Robert Lee Gill, Jr. Vs. Sheriff Joe Neaves, 657 F.Supp. 1394 (W.D.Tex. 1987) that "Suspended" the Privilege of the Great Writ and the Right to File any Lawsuit or Motion... "Without" First Obtaining Permission from the Court.

Former Congressman Frank Tejeda Performed a Congressional Inquiry at the Behest of Ret. M.Sgt. Robert Lee Gill, Sr., As to Whether, "Notice" or a "Show Cause Hearing was Held "Prior" to Chief Judge William S. Sessions "Barring Order" And the "Other" Federal District Judges of the Western District of Texas, who, also, entered "Various Injunctive Orders" Against the Petitioner Her found that...:

"Given the Language of the two Responses from the Clerk and the "Various Orders" Against your son, it Appears "Certain" that the Court did "Not" Hold A "Show Cause Order" Prior to Judge Sessions' Order. It Seems Equally "Clear" that the Court does "Not" Believe it "Necessary" to Provide "Notice" or to "Hold" A "Show Cause Hearing" before entering this Kind of Order." See Attached Exhibit Letter A#.

This Circuit Court of Appeals has previously established that a "Suspension Order" issued against a "Pro-Se Litigant"..."Cannot Stand" if, He or She was "Not" Given "Notice" Prior to the Issuance of said "Suspension Order". Moreover, The Fifth Circuit Court of Appeals that Governs the Western District of Texas held in New York Life Insurance Co. V. Brown 84 F.3d 137 (1996) Note 16-17 and Hardwick V. Doolittle, 558 F.2d 296 (1977) held that

Pg. III: "Under our "System of Justice", the "Opportunity" "To Be" "Heard" is the most fundamental Requirement. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950)("The Fundamental Requisite of Due Process of Law is "The Opportunity" To Be "Heard".") "Without Notice"... of an Impending Grant of Summary Judgment, A Defendant Has "No Opportunity" To Be "Heard". Therefore, Alvin Was Denied Due Process of Law And the "Judgment" Against him is "Void". Bass v. Hoagland, 172 F.2d 205 (5th Cir.) Cert. denied, 338 U.S. 816, 70 S.Ct. 57, 94 L.Ed. 494 (1949). Because "The Judgment Against him is "Void", the District Court "Erred" in Refusing "To Vacate" The Judgment Under Rule 60(b)(4)." New York Life Ins. Co. v. Brown, Supra;

"We Hold That "The Injunction"... "Must"... Be... "Vacated"... In its "Entirety" All Writs Authority is, After All, Limited To The Issuance of Writs "Agreeable To The Usages And Principle of Law", 28 U.S.C. 1651, And In determining that compatibility Federal Courts "Look First To The Common Law," United States v. Hayman, 342 U.S. 205, 221, N. 35, 75 S.Ct. 263, 273, 96 L.Ed. 232 (1952). Common Law Practice, Supreme Court Decisions, And The "Habeas Corpus Statutes" As "Interpreted" By This Court "Compel" The "Conclusion" That A "Federal Court Injunction" Barring "Future" Habeas Petitions "Cannot" Be "Sustained" Without "Risking" A "Violation" of The "Suspension Clause"." Hardwick v. Doolittle, Supra;

"When the State of Georgia Tried And Convicted Appellant while His First Removal Was "Pending", It "Contravened" The "Requirement" of the Federal Statutes that "The State Court Shall "Proceed"... "No Further"... Unless And Until the Case is "Remanded". "28 U.S.C. 1446(e). Consequently, The District Court Was "Entirely Correct" in "Declaring" the Conviction on the Original Two-Count Indictment To Be "Void"." Id.

Pg. IV: Petitioner assert's that the Supreme Court's "Decisional Law" on the Habeas Corpus Statute is "Controlling" in Peyton v. Rowe, 88 S. Ct. 1549, Footnote 10# And Yaser Hamdi v. Donald Rumsfeld, Secretary of Defense, 124 S. Ct. 2366 holding

"In the United States, the Act of February 5, 1867, C. 28, 14 STAT. 385, Made "The Writ" Available To..."Any Person"..***"Restrained" of His or Her Liberty in Violation of the Constitution, or of Any Treaty or "Law" of the United States." Peyton v. Rowe, supra;

"All Agree that, "Absent Suspension", The Writ of Habeas Corpus "Remains Available" to "Every Individuals" Detained Within the United States. U.S. Const. Art. I, 9, cl. 2, "The Privilege of the Writ of Habeas Corpus shall "NOT" be "Suspended", Unless When in Cases of Rebellion or Invasion The Public Safety may Require it Only in "The Rarest" of Circumstances has... "Congress"... Seen Fit "To Suspend" The Writ.
"All Agree"... Suspension of "The Writ" has "NOT" Occurred Here." Hamdi v. Rumsfeld, supra;

Petitioner Request "Judicial Notice" of the Facts that The Supreme Court Made the "Hamdi Ruling" in "the Year of 2004", To Which, The Federal Government (Executive Branch) Lawyers "Agreed" that "Suspension" of "The Writ" has "NOT" Occurred Here". To which, is Totally "Contrary" to Judge John Bates "Suspension Order" of The Year of "2003" And Calls into "Question" His "Authority" To "Suspend" The Privilege of The Great Writ of Habeas Corpus Because "Congress" Had NOT "Suspended" the Writ in "2004"... "All Agreed".

"Congress is the... "Only Power"... Which... "CAN"... Authorize... "The Suspension" of "The Privilege of the Writ". Ex Parte Merryman, C.C. Md. 1861. Article I, Sec. 9, cl. 2, Note 6#, Persons Authorized To Suspend Writs - Generally.

Pg I: "DECISIONS OF UNITED STATES SUPREME COURT...ARE CONTROLLING"... ON "ANY COURT" OF "THE NATION." Miller V. Bates, 248 F. Supp. 49 (1965, U.S.C.A. CONST. ART. 6;

Petitioner Argues that there is "NO EXCEPTION CLAUSE" For Judge John D. Bates Court. Thusly, His Order of Suspension "Violates" The Separation of Powers Act And The Suspension Clause of the United States And "Must" Be "Vacated" For its "Contrariliness" To The Said Constitution And the Aforesaid Supreme Court Decisional Rulings On The Habeas Corpus Statute.

(2). Petitioner Asserts That This Court has "the Power" To "Vacate" the State Judgments that was Previously Entered in Both Petitioner's Cases Under "The Removal Doctrine" And "The Retention Doctrine". See Maseda V. Honda Motor Company, Ltd., 861 F.2d 1248 (11th Cir. 1988), Note 2# Providing...:

"Packer Misinterprets the Significance of the Summary Judgment And Voluntary dismissal. First, A Federal District Court may dissolve or Modify Injunctions, Orders And "All" other Proceedings Which Have Taken Place in State Court "Prior" To Removal. Granny Goose Foods, Inc. V. Teamsters, 415 U.S. 423, 437, 94 S. Ct. 1113, 1123, 39 L.Ed.2d 435 (1974); Ex Parte Fisk, 113 U.S. 713, 5 S.Ct. 724, 28 L.Ed. 1117 (1885); 28 U.S.C. 1450.
Additionally, A State Court Judgment in A Case Removed To Federal Court does "Not Foreclose" Subsequent Proceedings in the Case in Federal Court." F.D. System, Corp. V. Southwestern Bell Tel. Co., 624 F.2d 453 (5th Cir. 1982)."

(3). 28 U.S.C.A. 2241, Note 113. Retention of Jurisdiction Provides: "Federal district Court's Jurisdiction of Habeas Corpus Proceeding, Once Acquired, "is Retained". U.S. Ex Rel. Circella V. Neelly, D.C.Ill.

Pg.VII: (2). 1953, 115 F.² pp. 615, Affirmed 216 F.2d ⎯ Cert. Denied 75 S.Ct. 525, 348 U.S. 964, 99 L.Ed 752.

"Federal Courts "Retain Jurisdiction" Under the General Habeas Corpus Statute Over "Legal Question Raised" by Criminal Aliens in Habeas Petitions Seeking Review of Final Removal Orders." Rankine v. Reno, C.A.2(N.Y) 2003, 319 F.3d 93, Cert. Denied 124 S.Ct. 287, 540 U.S. 910, 157 L.Ed.2d. 199.

Petitioner Asserts that the Federal Habeas Records in Civil Action 04-CV-2068-HHK will "Clearly Show" that on March 12, 2005 the District Court Wrongfully Dismissed Petitioner's Writ Application Stating...:

"This Record Does "Not Reveal" Petitioner's Compliance With "The Barring Order: This Case Therefore Will be Dismissed."

Petitioner on March 28th, 2005 Filed a...: "Motion To Vacate And Amend Judgment And Demand For Evidentiary Hearing With Exhibits In Support". On April 4th, 2005, The Court Denied Petitioner's Motion To Vacate the Dismissal Order. See Exhibit B # Court's Staff Attorney Letter of 4/12/05 Attached;

Petitioner Asserts Under the "Retention Jurisdiction" that He had "30" Days From the Denial Of His Motion To Vacate the Dismissal Order To File His "Notice Of Appeal" On or Before May 4th, 2005....But, The Respondents did Not Wait For Expiration Of His Expiration Of His "30 Days" To "Appeal"; Just As They did "Not" Halt their Proceedings And "Await" A "Certified Copy" Of the Federal Order Of Remand To Be Mailed to the State Clerk As Required By 28 U.S.C. 1447 (c)..."Prior"...To Entering And Issuing their "Orders For The Arrest" Of the Petitioner, To which, He was Illegally Arrested On April 21st, 2005 At the Bexar County Courthouse Securing State Records And He Has Been In "Continuance Custody" Ever Since April 21st. Thusly, Circumventing And Preventing "His Appeal". See Exhibit C # Letter Of Ms. J. Franklin;

Pg VII: Petitioner Ask's Is That The State Officials' "Deliberately Discriminated" Against Him And His Removal Petition Because Of The Color Of His Skin Being that of "Black" And His Status Of Being A "Pro-Se Litigant"... For Exhibit "D"# Glasser Timeline Article Of The San Antonio Express-News dated December 5th, 2005, Clearly, Shows that the State Officials Are Aware And Knew their "Duty" And "Responsibility" Under The Federal Removal Laws To "Halt" or/ "Postponed" their Proceedings in State Court Until The State Clerk Receives A "Certified Copy" Of the Federal Order Of Remand From the Federal Clerk in Accordance With 28 U.S.C. 1447(c). Said Exhibit "D"# States...:

"Friday: A Trial in Bexar County Probate Court Set For Dec. 5 is "Postponed" After Lawyer's "For Mark Glasser" Filed" For "Removal" To Federal Court."

Thusly, This Court "Retains Jurisdiction" Under The Removal Statutes And The General Habeas Corpus Statute Over "Legal Question Raised" (i.e., Whether The State issued Its "Arrest Orders" For the Petitioner "Prior" To The U.S. Clerk Sending A "Certified Copy" of the Court's Order Of Remand To The State's Clerk As "Required" For "Reinvestment Of State Jurisdiction" By 28 U.S.C. 1447(c)? And, Whether, The State's Concerted Retaliatory Acts Of "Illegally Arresting" the Petitioner On April 21st, 2005, "Prevented" And "Precluded" Him From "Exercising" And "Enforcing" His "Appellate Rights" To "Appeal" the Wrongful Findings By the District Court? And, Whether, Petitioner's Illegal Incarceration And Retaliatory Incarceration Has "Exceeded" the State Statute (Texas Government Code Article 21.002(b)) Used For His Incarceration?

II. In The Alternative A Declaratory Judgment Lawsuit With Injunctive Relief

(4). Petitioner Re-Argues To This Court that the D.C. Circuit Court Of

Pg. VIII. (4). APPEALS FIN' Gs ON THE ISSUE OF "JURISDICTION" ENTERED IN ROBERT LEE BILL, JR. V. SENATOR JOHN CORNYN, CAUSE NO. 03-5213, TO WHOM, FOUND that "JURISDICTION" did "EXIST" UNDER THE D.C. LONG ARM STATUTE FOR A LAWSUIT AGAINST TEXAS AND BEXAR COUNTY OFFICIALS. PETITIONER WOULD LIKE TO SUPPLEMENT HIS ARGUMENT OF JURISDICTION UNDER THE D.C. LONG ARM STATUTE that PROVIDES FOR JURISDICTION OVER "ANYONE", WHO, DOES "REGULAR BUSINESS" IN D.C. OR RECEIVE "FEDERAL FUNDING" FROM CONGRESS, TO WHICH, THE ATTACHED NEWSPAPER ARTICLE OF DECEMBER 6th 2005, ..."CHILD SUPPORT DEBTORS MAKE MOST WANTED LIST"...QUOTES RESPONDENT ABBOTT AS ADMITTING that "2/3" OF HIS CHILD SUPPORT BUDGET IS RECEIVED FROM THE FEDERAL GOVERNMENT....:

"YET THERE IS DANGER AT THE FEDERAL LEVEL. BUDGET REDUCTION PROPOSALS RECENTLY PASSED BY THE U.S. HOUSE OF REPRESENTATIVES WILL HURT CHILD SUPPORT COLLECTIONS ACROSS THE STATE, ABBOTT SAID.
THE PROGRAM RECEIVES "TWO-THIRDS" OF IT "FUNDING" FROM THE "FEDERAL GOVERNMENT" AND ONE THIRD FROM THE STATE." See Exhibit F Attached;

PETITIONER ASSERTS AND "CLAIM" that RESPONDENT ABBOTT IS "ABUSING" AND "MISUSING" "FEDERAL FUNDS" PROVIDED BY CONGRESS IN A "DISCRIMINATORY WAY" AGAINST "BLACK CONTEMNORS" TO ILLEGALLY INCARCERATE THEM IN A "DISAPPROPRIATE NUMBER", COMPARED TO THEIR NUMBERS OF CONTEMNORS IN THE POPULATION FOR "COERCION" TO PAY CHILD SUPPORT ARREARAGE KNOWING THEY AND the PETITIONER did NOT HAVE "MONEY" TO PAY THE ARREARAGE. THEREBY, SUBJECTING the SAID BLACK CONTEMNORS PRISONERS TO "INVOLUNTARY SERVITUDE" OR/ "SLAVERY" IN THE BEXAR COUNTY JAIL BECAUSE EVENTHOUGHT, THE TEXAS SUPREME COURT RULED IN EX PARTE ACLY, 711 S.W.2d 627 (TEX. 1986) ("EQUAL PROTECTION REQUIRES" GOOD TIME CREDITS FOR CONTEMNOR.") AND EX PARTE HALL, 838 S.W.2d 674 (TEX. APP.-DALLAS) ("SHERIFF CAN GIVE "GOOD TIME" IN CONTEMPT SENTENCE.") THE RESPONDENT SHERIFF LOPEZ DOES "NOT" GIVE "ANY CONTEMNOR" "ANY" GOOD TIME CREDIT OR "CASH CREDIT" TOWARDS THEIR SENTENCES, AS HE do

Pg. IX: with "Criminal Prisoners" Incarcerated on 1 Misdemeanor Charge or Ticket To which, is Discriminatory And A Denial Of Equal Protection of Laws By A Recipient of "Federal Funds" From the District of Columbia Congress. More Importantly, Though is The Fact that the 5th Circuit Court Established in Ridgeway v. Baker, 721 F. 2d. 1409 (5th Cir. 1983) that....:

"Under Texas Law, if Accused Contemnor "does NOT" have Means To Pay Arrearage In Child Support,... He "Cannot" be Committed To Jail For Purpose Of "Coercing" him To Make Such Payment."

Your Petitioner Has Been "Illegally Incarcerated" For Over "237 Days" Without Being Taken Before Any Court And The County And The City Are Acting In Concert To "Seize" Petitioner's Homestead And Family Bail Bond Property For "Back Taxes" Of Approximately $13,500 in Back Taxes... While Deliberately Keeping the Petitioner "Falsely Imprisoned" Without "Any Valid" Charges Or "Legal Court Orders" To "Hold" Him in the Custody of the County Jail. Petitioner Argues To This Court that "Defendant Bexar County" Legally Owes Petitioner "More-Than" "18 Million Dollars" For "False Imprisonment" For The 5th Circuit Court And The 7th Circuit Court of Appeals In Reicheneder v. Skagg Drug Center, 421 F. 2d. 307 (5th Cir. 1970) And Clark v. Kroger, 382 F. 2d 562 (7th Cir. 1967), The Appellate Courts Affirmed Awardment of $10,000 in Damages To Each Plaintiff For..."30 Minutes"... Of False Imprisonment. Your Petitioner Has Suffered "Two Heart Attacks" And Been Hospitalized "3" Times With "Severe Chest Pains" during this "Illegal Confinement" And has been Deliberately Denied "Corrective Heart Surgery" By His Chosen Doctors And Hospitals, Where His "Two" Other Heart Surgery Was Performed.

"A Necessary And desirable Function Of This Section And 2202 Of This Title has been To Allow A Prospective Defendant To "Expedite" the Hearing of "His defense" To An Impending or Threatened Action by Another."

Pg. X: Government Emp. Ins. Co. v. LeBleu, D.C. LA '67, 272 F. Supp. 421;

"Declaratory Judgment Statutes should be liberally construed to accomplish intended purpose of affording speedy and inexpensive method of deciding legal disputes and of settling legal rights and relationships without awaiting a violation of rights or a disturbance of relationships." Government Emp. Ins. Co. v. Melton, D.C.S.C. 1972, 357 F. Supp. 416, Affirmed 473 F.2d. 909.

"This Section should be liberally construed to effectuate ends of Justice." Tamco Corp. v. Federal Ins. Co. of New York, D.C. Ill. 1963, 216 F. Supp. 767;

"Generally, Courts of District of Columbia have jurisdiction over Declaratory Judgments." Hurley v. Reed, 1961, 288 F.2d. 844, 110 U.S. App. D.C. 32;

"One who is in custody in violation of Constitution and Laws of United States is entitled to 'Relief' in Habeas Corpus, and Court is required to 'Dispose' of the matter as 'Law and Justice' requires." Rouse v. Cameron, 1966, 373 F.2d. 451, 125 U.S. App. D.C. 366;

"So long as, the Petitioner's Custodian can be reached by Service of Process, the District Court could issue a Writ of Habeas Corpus within its jurisdiction." Procacci v. Sibley, D.C. D.C. 1973, 61 F.R.d. 5;

"Federal Habeas Corpus Statute does 'NOT' deny Federal Courts 'Power' to fashion... 'Appropriate Relief'... other than 'Immediate Release'. 28 U.S.C.A. 2241(c)(3)." Peyton v. Rowe, 88 S. Ct. 1549;

Petitioner has "Clearly Shown" his entitlement to the privilege of the Writ of Habeas pursuant to 28 U.S.C. 1446(e) and 2241(c)(3). He has also, shown

Pt. XI: That the Rates P. Kennedy courts and the ot 2 District courts of this Western District of Texas has "NOT" been following the established "Rule of Law" But Rather, As Chief Justice John Roberts put it... "Looking out for..." "Particular Interest". Justice Roberts further stated...:

"If the Constitution says that the little guy should "Win"; "The Little Guy" is going to "Win" in Court Before Me.
The "Oath" that a "Judge" takes is "NOT" that I'll look out for "Particular Interests". The "Oath" is to "Uphold" the "Constitution" And "Laws" of the United States. And that's what I would do." Said Justice Roberts;

Wherefore, Petitioner Petition this court for "Permission to file the attached Petition for Writ of Habeas Corpus and pay the $5.00 filing fee with the enclosed $5.00 U.S. Postal Money Order. And;
Further, This court should immediately issue a "Show Cause Order" for the Respondents to show this court "Just Why" this court should not issue its Writ of Habeas Corpus within "3 Days" from service of said order. And;
Further, Grant the Petitioner a Personal Recognizance Bail pending a determination of this application and any "Appeal", if deemed necessary.
In the Alternative, Construe these pleadings into a Declaratory Judgment Lawsuit with Injunctive Relief and a "Jury Trial" for Damages Award.
I do Declare Under the Penalty of Perjury that the above going is true and correct.
Signed: the 18th day of December, 2005; /s/ [signature]

cc: Files;
Sen. Charles Schumer for Senate Judiciary Cmte.
Rep. John Conyers for House Judiciary Cmte.
Washington Post & New York Times

Robert Lee Bill Jr.
Sid No. 23263
200 N. Comal
San Antonio, TX 78207