United States District Court
For The District Of Columbia
Washington, D.C.

Robert Lee Gill, Jr.,
    Petitioner

Vs.                           Civil Action No.

Sheriff Ralph Lopez Et Al

Exhibits In Support Of Motion
For Permission

A). Congressman Frank Tejeda's Letter Of February 1st, 1995;

B). U.S. District Court's Staff Attorney's Letter Of April 12, 2005;

C). Letter Of April 21st, 2005 From Ms. Janine Franklin To The Court;

D). San Antonio Express-News Article Of December 5th, 2005 Showing Filing Of Mr. Mark Glasser's Removal Petition And Postponement;

E). San Antonio Express-News Article Of December 6th, 2005 Funding For Attorney General Child Support Program;

F). U.S. Clerk's Office Docket Sheet For Cause No. 03-CV-1641 Group B Showing Clerk's Entry Of Default Against Sen. John Cornyn Et Al;

G). State Orders For Contempt And Commitment Cause No. 93-CI-14511;

06 0105

FILED
JAN 1 9 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**FRANK TEJEDA**
28TH DISTRICT, TEXAS

323 CANNON HOUSE OFFICE BUILDING
WASHINGTON, DC 20515-4328
202-225-1640

DISTRICT OFFICE:
1313 S.E. MILITARY DRIVE, SUITE 115
SAN ANTONIO, TX 78214-2851
210-924-7383



# Congress of the United States
## House of Representatives
### Washington, DC 20515-4328

ARMED SERVICES COMMITTEE
SUBCOMMITTEES
RESEARCH AND TECHNOLOGY
MILITARY INSTALLATIONS AND
FACILITIES
OVERSIGHT AND INVESTIGATIONS

VETERANS' AFFAIRS COMMITTEE
SUBCOMMITTEES
HOSPITALS AND HEALTH CARE
COMPENSATION, PENSION AND
INSURANCE

February 1, 1995

Mr. Robert L. Gill, Sr.
202 Honey Boulevard
San Antonio, Texas 78220

Dear Mr. Gill:

   Thank you for writing me to request that I obtain further information from the Clerk of the United States Court for the Western District of Texas regarding your son's case. You have asked whether the District Court's records reveal a show cause order affording your son an opportunity to respond to the allegations in the order entered against him by Judge William Sessions. You have also asked whether a hearing was held prior to the issuance of the order.

   My office has previously corresponded with the Clerk on two occasions. In addition, I received a copy of the order recently entered against your son by Judge Fred Biery, also of the United States District Court for the Western District of Texas. My response to you is based on a review of that material.

   Please allow me to quote from the previous correspondence and Judge Biery's Order. The Clerk responded to my office in a letter dated July 19, 1994, that "(a)fter affording Mr. Gill extensive opportunities to present evidence supporting his claims in those lawsuits, in an Order filed March 10, 1987, ... the District Court, per Judge William Sessions, found that Mr. Gill's claims in his various lawsuits were without merit." Judge Fred Biery, in his order dated July 19, 1994, reviewed the previous Order entered by Judge Sessions and found that "Judge Sessions carefully evaluated plaintiff's litigation history when he crafted his Order of March 10, 1987, finding that '(t)he commitment of judicial resources to this Plaintiff has been enormous' and that '(t)he Court cannot allow Plaintiff's abuse to continue and still allocate the Court's scarce judicial resources among the other cases on its docket.' Time has only exacerbated the drains on this Court's limited resources to which Judge Sessions alluded" (page 12).

   Given the language of the two responses from the Clerk and the "various Orders" against your son, it appears "certain" that the "Court" did not hold a "show cause order" prior to Judge Sessions' order. It

seems equally clear that the Court does not believe it "necessary" to provide "notice" or to hold a "show cause hearing" before entering this kind of order. That determination leads to another question: whether federal court rules require notice and/or a show cause order prior to entering an order of this nature against a "litigant."

To assist your son best, I believe it would be most useful for an independent and experienced attorney to review this question. The rules of the House of Representatives, applicable to all congressmen, limit my ability to practice law and prohibit me from representing constituents in adversarial matters before federal agencies. In the interest of your son's legitimate desire to see that his rights are respected, I have requested information from the Court several times, which is permitted. But now, having ascertained the Court's position on the matters about which your son is concerned, it is important to have an independent and qualified individual review the necessity for notice and a show cause hearing before an order of this kind is entered.

My office is still developing this strategy, and I hope to locate an appropriate attorney to review this matter. I will notify you when I have been able to do so.

Sincerely,

Frank Tejeda
Member of Congress

FT:nd
/148500

*PRO SE* UNIT
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
333 Constitution Avenue, N.W.
Washington, D.C. 20001

April 12, 2005

Janine Marie Franklin
202 Honey Blvd..
San Antonio, Texas 78220

Dear Ms. Franklin:

    Your correspondence to Judge Kennedy was forwarded to me for a response. The rules of this Court prohibit direct communication with a district judge absent the judge's request. *See* Local Civil Rule 5.1(b). You do not have a pending case here and the case to which you refer, *Gill v. Abbott*, 04-cv-2068, was dismissed on March 12, 2005. On April 4, 2005, the Court denied Mr. Gill's motion to vacate the dismissal order.

    Your original correspondence and the enclosures are being returned to you without further action. Also enclosed is information about filing a complaint in this Court. All papers must be submitted (and addressed to) the Clerk's Office. To assure proper handling of your submissions, do not write the judge's name or the name of any other court employee on the envelope.

                                                 Sincerely,

                                                 Addie D. Hailstorks
                                                 Staff Attorney

Enclosures

April 21, 2005

The Honorable Henry H. Kennedy

U.S. District Court

333 Constitution Ave, NW

Washington DC 20001

RE: ROBERT LEE GILL, JR (CIVIL CASE NO. 04-CV-02068-HHK, REQUEST FOR AN EXTENSION TO FILE AN APPEAL FOR ABOVE SAID CIVIL CASE NUMBER;

TO THE HONORABLE JUDGE OF SAID COURT:

As Mr. Gill's Next Best Friend, I am writing on behalf of Mr. Gill, due to the fact he has been INCARCERATED as of today (April 21st, 2005).

HONORABLE JUDGE KENNEDY, Mr. Gill has NO PEN, NO PAPER AND NO MONEY at this time to call his own. He is UNABLE to contact you on behalf of himself. Mr. Gill is a SEVERE DIABETIC with MAJOR HEART PROBLEMS. He MUST take his INSULIN on a DAILY Basis or he will go into a DIABETIC Coma and/or POSSIBLY have a HEART ATTACK. He has had BYPASS Surgery due to these SEVERE Heart Problems.

Judge Kennedy, Mr. Gill is requesting an EXTENSION to exercise his rights in FILING AN APPEAL on Civil Case No. 04-CV-02068-

## Glasser timeline

*S.A. Press-News*
*P. 3A - 12/06/05*

**2002**

**Feb. 10, 2002**
Dr. Benjamin Glasser of Highland Park, N.J., dies at 94. He is survived by his wife, Lillian and two children, Mark and Suzanne.

**Late 2002**

**2003**
Lillian Glasser gives her daughter Suzanne Mathews of Alamo Heights power of attorney, to be activated if she is incapacitated. She also revises her will.

**September**

**2004**
A San Antonio doctor finds Lillian Glasser incapacitated.

**December**
Suzanne Mathews invokes power of attorney. Also creates a Texas partnership and transfers $24 million of her mother's assets to it.

**2005**

**Feb. 19:** Lillian Glasser is taken from Florida to Texas by Mathews after her long-time caretaker is fired.

**March 11:** Deeds to Glasser's two houses in New Jersey are transferred to Texas partnership controlled by Mathews.

**March 14:** Mathews applies for temporary guardianship of Lillian Glasser and is appointed the next day.

**April 7:** Mark Glasser files suit contesting sister's guardianship. She is later replaced.

**April 11:** Lillian Glasser admitted to psychiatric ward in San Antonio for five days.

**July 12:** Jody Helman appointed guardian.

**Aug. 17:** Following advice of six doctors, court orders Glasser returned to New Jersey.

**Sept. 14:** A New Jersey judge issues order that she not leave the state. Later that day, she is flown back to Texas from New York state airport.

**Monday:** Proposed settlement falls apart because it does not guarantee Lillian Glasser's return to New Jersey.

**Friday:** A trial in Bexar County Probate Court set for Dec. 5 is postponed after lawyer's for Mark Glasser filed for removal to federal court.

SAN ANTONIO EXPRESS-NEWS

# Child support debtors make most-wanted list

**Top 10 in Texas owe more than $500,000; one of them is from S.A.**

12/06/05

By RACHEL L. TOALSON
EXPRESS-NEWS AUSTIN BUREAU

AUSTIN — When her ex-husband neglected to pay his $400-a-month child support allotment, Dyanne Meyers was forced to take a second job to make ends meet.

She still regrets that today.

"I missed out on the early years of my daughter's life, which I will never regain," said Meyers, who lives in Burnet.

But what is more heartbreaking, she said, is that her 16-year-old daughter missed out on having a father and that her ex-husband, Harry Bomnskie, missed out on knowing a "beautiful, smart" girl.

Bomnskie, an auto mechanic, joins nine others on Attorney General Greg Abbott's Top 10 Most Wanted Child Support Evaders, who are wanted for owing collectively more than $500,000.

Bomnskie owes his family more than $35,000 and is supposedly staying in Houston.

A San Antonio man, John Lowry, 46, also made the list. An upholstery and windshield repairman, he owes $30,899 in child support for three children.

Abbott released this year's list Monday in hopes that the public could provide his office with information about the men on it. Those who make the list, he said, are the "worst offenders" and have "gone underground or into hiding to completely avoid their responsibility" of caring for their child.

"I consider the failure to pay child support a form of child abuse," Abbott said. "Parents who don't take care of their children financially or emotionally are depriving them of the essential needs in their lives, such as school supplies, such as clothes, such as medical care, but, more importantly, the emotional support they need to grow up in this world."

Past lists have been successful, Abbott said. Six of the past year's offenders have been caught. He added that since he took over as attorney general, he's arrested 62 child support evaders.

Yet there is danger at the federal level.

Budget reduction proposals recently passed by the U.S. House of Representatives will hurt child support collections across the state, Abbott said. The program receives two-thirds of its funding from the federal government and one-third from the state.

"It would literally deprive these children of the essential resources they need," Abbott said. "The last thing we need at this time of the year, as we are heading into the Christmas season, is for children to receive a lump of coal from Congress and not get their child support."

Abbott said his office needs all the information it can get to track down the Top 10 evaders. Anyone with information can call (866) EVADERS, (866) 382-3377.

rtoalson@express-news.net

## Three with area ties among the Top 10

**Brad Henderson** owes $85,198 for three children in Beeville. Last known address: Beeville



**Harry Bomnskie** owes $35,556 for one child in Burnet. Last known address: Houston



**John Lowry** owes $30,899 for three children in San Antonio. Last known address: San Antonio

EXPRESS-NEWS GRAPHIC

> "I consider the failure to pay child support a form of child abuse."
>
> **GREG ABBOTT**
> attorney general

# U.S. District Court
## District of Columbia (Washington, DC)
### CIVIL DOCKET FOR CASE #: 1:03-cv-01491-JDB
Internal Use Only

GILL v. CORNYN et al
Assigned to: John D. Bates
Referred to:
Demand: $
Lead Docket: None
Related Cases: None
Case in other court: None
Cause: 28:2201 Declaratory Judgement

Date Filed: 07/03/03
Jury Demand: Plaintiff
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: U.S. Government Defendant

**Plaintiff**

---

**ROBERT LEE GILL, JR**   represented by   **ROBERT LEE GILL, JR**
202 Honey Boulevard
San Antonio, TX 78220
(210) 224-7265
PRO SE

V.

**Defendant**

---

**JOHN CORNYN,** *U.S. Senator*   represented by   **Ramiro Canales**
AIR LINE PILOTS ASSOCIATION
1625 Massachusetts Avenue, NW
Washington, DC 20036
(512) 463-2120
Fax : (512)320-0667
Email: ramiro.canales@oag.state.tx.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**GREGG ABBOTT,** *Texas Attorney General*   represented by   **Ramiro Canales**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**CITY OF SAN ANTONIO, TEXAS**   represented by   **Gail A. Jensen**
CITY ATTORNEY'S OFFICE
Litigation Division

| | | |
|---|---|---|
| 08/25/2003 | 18 | Memorandum in opposition to motion re 12 fir sanctions and motion to strike defendant's pleadings filed by CITY OF SAN ANTONIO, TEXAS. (mpt, ) Additional attachment(s) added on 8/26/2003 (mpt, ). (Entered: 08/26/2003) |
| 09/02/2003 | 20 | MOTION for Proof of Sevice of Jury Demand and Rule 11 Hearing and Request for Submission on Court's Motion Day Calendar Pursuant to Rule 78 FERC Rule of Civil Procedures by ROBERT LEE GILL JR. (Attachments: # 1 Exhibit 1)(mpt, ) (Entered: 09/05/2003) |
| 09/02/2003 | 21 | MOTION (AMENDED) for Rule 11 Sanction Hearing and Amended Motion to Strike Defendants' H.E. Butt Grocery Company, Charles Butt, Jerry Clingman, and the Unknown Insurer of H.E. Butts Grocery Pleading as Untimely and for Lack of Service as Required by Rule 5 FRCP. by ROBERT LEE GILL JR. (mpt, ) (Entered: 09/05/2003) |
| 09/12/2003 | | Supplemental Record on Appeal transmitted to US Court of Appeals re 9 Notice of Appeal (8/19/03 Order) (mpt, ) (Entered: 09/12/2003) |
| 09/29/2003 | 24 | AFFIDAVIT in Supoort of DEFAULT and Military Affidavit in Support by plaintiff against GREGG ABBOTT, JOHN CORNYN. (mpt, ) (Entered: 10/03/2003) |
| 09/29/2003 | 25 | Clerk's ENTRY OF DEFAULT as to GREGG ABBOTT (mpt, ) (Entered: 10/03/2003) |
| 09/29/2003 | 26 | Clerk's ENTRY OF DEFAULT as to JOHN CORNYN (mpt, ) (Entered: 10/03/2003) |
| 10/06/2003 | 27 | MOTION to Dismiss and Response to Plaintiff's Request for a Default by GREGG ABBOTT, JOHN CORNYN. (mpt, ) (Entered: 10/07/2003) |
| 10/07/2003 | 28 | Civil Statement from plaintiff of an Emergency Filing Regarding Civil Action. (mpt, ) (Entered: 10/08/2003) |
| 10/07/2003 | 29 | MOTION for Default Judgment as to defendant Cornyn and Abbott by ROBERT LEE GILL JR. (mpt, ) Modified on 10/8/2003 (mpt, ). (Entered: 10/08/2003) |
| 10/07/2003 | 30 | MOTION (Petition) for Removal of State's Retaliatory Proceedings in State Cause No. 93-CI-14511 and 02-Ta1-3238 and Consolidation Pursuant to 28US1443(1), 1651 and the Whistle Blower Act and Rule 42(a) & (b) of the FRCP with a Request for a Temporary Restraining Order and Show Cause for a Preliminary Injunction and a Jury Demand by ROBERT LEE GILL JR. (Attachments: # 1 Exhibit |



Exhibit E



NCP Name: ROBERT JR GILL
CP Name: MARVA B JOHNSON
OAG Number: 0009114251 EAST ENF/MENL

CAUSE NUMBER 93CI14511

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE *225TH JUDICIAL DISTRICT* |
| ROCHELLE GILL | § | COURT OF |
| A MINOR CHILD | § | BEXAR COUNTY, TEXAS |

### ORDER ENFORCING CHILD SUPPORT OBLIGATION
~~AND CONCERNING LICENSE SUSPENSION~~

On the 26 day of February 2004 the Court held a hearing in this cause.

The ATTORNEY GENERAL appeared by an ASSISTANT ATTORNEY GENERAL.

MARVA B JOHNSON, *mother* of the child, social security number *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*, TXDL Class C number *07118336*, hereinafter referred to as Obligee,

- [x] appeared in person (and by attorney _____);
- [ ] agreed to the entry of these orders as evidenced by her signature;
- [ ] although duly notified, did not appear.

ROBERT JR GILL, *father* of the child, social security number *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*, TXDL Class C number *12143614*, hereinafter referred to as Obligor,

- [x] appeared in person (and by attorney Richard Ihfe );
- [ ] agreed to the entry of these orders as evidenced by his signature;
- [ ] although duly notified, did not appear;
- [x] ~~although duly and properly cited and notified, did not appear and wholly made default.~~ ~~At the request of~~ the ~~ATTORNEY GENERAL~~, the Court severed the contempt action and then ~~heard~~ deferred other issues raised by pleadings on file, because Robert Gill invoked his 5th ~~including the request for a judgment, income withholding and license suspension~~ ~~First~~ amendment rights

The Court finds that it has jurisdiction of the parties and the subject matter of this suit, and that the following orders are in the best interest of the child.

A record of the proceedings was:

- [ ] waived by the parties with the consent of the court.
- [x] made by ~~audio recording~~ certified court reporter. The Court ~~appoints first that~~ appoints Richard Ihfe to represent Robert Gill on the motion for contempt.

ORDER ENFORCING CHILD SUPPORT OBLIGATION AND CONCERNING LICENSE SUSPENSION        PAGE 1 OF 4

## CHILDREN

The following child is the subject of this suit:

| Name | Sex | DOB | SSN | Birthplace |
|---|---|---|---|---|
| ROCHELLE GILL | F | 3/10/86 | 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 | SAN ANTONIO, TX |

## PRIOR ORDER

The Court FINDS that on *1/22/99* the Court ordered *ROBERT JR GILL* to pay current child support of *$500.00* monthly, beginning *1/1/99* and *monthly* thereafter.

## JUDGMENT ON ARREARS

The Court FINDS and CONFIRMS that *ROBERT JR GILL* is in arrears in the amount of $34,678.12 as of January 2004. This includes all unpaid child support and any balance owed on previously confirmed arrearages or retroactive support judgments as of the specified date. The judgment for this amount is a cumulative judgment.

The Court GRANTS and RENDERS judgment against *ROBERT JR GILL* and in favor of the ATTORNEY GENERAL in the amount of $34,678.12, with interest as provided by law at the rate of 6% per annum, for collection and distribution according to law.

The Court ORDERS *ROBERT JR GILL*, Obligor, to pay said child support judgment by paying $2500.00 on or before the 27 day of February 2004 and by paying $2500.00 on or before the 26 day of March 2004. The Court will make further orders on 3-26-04.

~~If *ROBERT JR GILL* has not paid the judgment in full by the date his current child support obligation ends, the Court ORDERS him to pay the remainder of said judgment by paying $_____ each month on or before the same day of each month until the arrearage is paid in full. The withholding order authorized herein shall include such payments, but nothing herein shall prohibit the use of other collection methods authorized by law.~~

## NOTICE TO OBLIGOR

*ROBERT JR GILL* is placed on notice that should he fail to pay current child support, or toward the child support arrearage as ordered herein, the ATTORNEY GENERAL may pursue an action to suspend any or all licenses he may have.

Pursuant to Texas Family Code § 157.269, the Court retains jurisdiction over this matter until all current support and medical support and child support arrearages, including interest and any applicable fees and costs, have been paid.

## PUNITIVE CONTEMPT

The Court FINDS that *ROBERT JR GILL* failed to pay court-ordered child support as follows:

| | ORDERED DUE DATE | ORDERED AMOUNT | AMOUNT PAID |
|---|---|---|---|
| Count 1 | 1-1-01 | 500.00 | 0.00 |
| Count 2 | 1-1-02 | 500.00 | 0.00 |
| Count 3 | 1-1-03 | 500.00 | 0.00 |
| ~~Count 4~~ | | ~~500.00~~ | ~~0.00~~ |

The Court FINDS that *ROBERT JR GILL* could have timely paid the above specified child support in full and that he is guilty of a separate act of contempt of court for each specified failure to do so.

The Court ORDERS *ROBERT JR GILL* committed to the county jail for ~~30~~ 90 days for each separate act of contempt, said commitments to run concurrently, with credit for *a* time served (18 days).

### ~~COERCIVE CONTEMPT~~

~~The Court FINDS that *ROBERT JR GILL* can pay the amounts listed below and ORDERS him committed to the county jail until he pays:~~

1. ~~$_____ in child support arrearages;~~
2. ~~$_____ in attorney fees; and~~
3. ~~$_____ in court costs.~~

### COMMITMENT

The Court ORDERS the Sheriff of *BEXAR* County to arrest *ROBERT JR GILL* and commit him to the county jail as ordered above.

The Court ORDERS him to appear before ~~this Court, Room 411, 4th Floor,~~ Hon. Janet Littlejohn Bexar County Courthouse, at 4:00 o'clock p .m., on the 27 day of February 2004, to begin commitment to the county jail.

However if obligor, *ROBERT JR GILL*, pays ~~his regular child support plus a lump sum of $2500.00~~ on or before above ~~recent~~ date the court shall ~~release him and enter further orders.~~ further defer the commitment until 3-26-04.

The Court orders Robert Gill to appear before ~~this Court~~ Judge Janet Littlejohn at 9:00 am on the 26 day of March, 2004, to begin his commitment in the county jail. However if Robert Gill pays his monthly support and $2500.00 toward arrears, the court will suspend the commitment in favor of community supervi

ORDER ENFORCING CHILD SUPPORT OBLIGATION AND CONCERNING LICENSE SUSPENSION   PAGE 3 of 4

## MASTER'S REPORT

The undersigned conducted a hearing in this cause and recommends the proposed order be adopted as the judgment of the Court. Notice of the substance of this report and of the right of appeal to the referring court was given to the parties participating in the hearing.

Signed this _____ day of _____, 20_____.

_____
MASTER PRESIDING

_The Court releases Richard Infe from further representation in this matter._

## ORDER ADOPTING MASTER'S REPORT

The Court approves and adopts the above and foregoing orders as the order of the Court.

Signed this _____ day of __FEB 2 6 2004__, 20____.

_____
JUDGE PRESIDING

_____
ASSISTANT ATTORNEY GENERAL
LUCINDA CANAVAN MANTZ  -SBN 12957536
MARY ESTHER ESCOBEDO  -SBN 09519100
MELISSA RAMOS MUÑOZ  -SBN 00786186
RICHARD A. GILLHAM  -SBN 07936200
FRANK E. GONZALEZ  -SBN 08125650
1139 GEMBLER ROAD
SAN ANTONIO, TX 78219-4232
Phone (210)337-6903
Fax (210)359-9030

ROBERT JR GILL, Obligor
SSN: 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

_____
MARVA B JOHNSON, Obligee

_____
ATTY REPRESENTING OBLIGOR
BY ORDER OF APPOINTMENT
DATED 2/26/04
SBN 3773706

Exhibit F#

NCP NAME: Robert Gill
CP NAME: Marva Johnson
AG ACCOUNT NO: 0009114251

Cause No. 9301-14511

| | | |
|---|---|---|
| IN THE INTEREST OF | X | IN THE 225 JUDICIAL |
| Rochelle Gill | X | DISTRICT COURT OF |
| MINOR CHILD(REN) | X | COMAL COUNTY, TEXAS |

## COMMITMENT ORDER

On the 27 day of February, 2004 this cause came before the Court pursuant to an Order of this Court dated the 26 day of February, 2004. In that Order, the Court found Obligor in contempt for failure to make court-ordered child support payments, committed the Obligor to the county jail for 180 days for each separate act of contempt, said commitments to run concurrently, and committed the Obligor to the county jail until Obligor pays $_____ in child support arrearages.

The Court finds the Obligor failed to make the regular child support and lump sum payments as ordered, and that there is no reason why said sentence should not be imposed.

Therefore, **IT IS ORDERED** that the sheriff arrest Obligor and that he be committed immediately to the County Jail according to the terms and conditions specified in the above mentioned prior order.

Should the Obligor pay $ 5000.00, the Court shall consider release.

The Court resets this matter to _____ 20___, 9:00 a.m., for review.

_____
Associate Judge Presiding