IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Robert Lee Gill, Jr.
    Petitioner

VS.                                          Civil Action No. 06-CV-0105-HHK

Sheriff Ralph Lopez, et al.

MOTION TO RECONSIDER PURSUANT
TO Rule 59(e) Fed. R. Civ. P.

To The Honorable Chief Judge Thomas Hogan And Judge H. H. Kennedy:

Petitioner, Robert Lee Gill, Jr. moves in this Court for a Reconsideration of Judge Henry H. Kennedy's wrongful Order of February 3rd, 2006, wherein, he again, denied Petitioner's Writ Application for failure to comply with the illegal sanction Order of Judge John D. Bates and also, because this Court allegedly lacks jurisdiction. Petitioner would show the Court the following:

1. Petitioner did not receive his copy of said Order until February 6th, 2006;

2. On or about December 20th, 2005, Petitioner submitted his Motion for Permission, etc., etc. Writ Application and Release on P.R. Bond to Chief Judge Thomas Hogan, whom made a "Prompt Review" and entered a Order for the return of Petitioner's Motion because of the failure to

"Please provide the address of each named defendant. Your name, address

RECEIVED
FEB 15 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Pg. 2: AND TELEPHONE NUMBER MUST APPEAR IN THE CAPTION.

A PETITION FOR WRIT OF HABEAS CORPUS OR COMPLAINT UNDER 42 U.S.C 1983, SUBMITTED BY ANYONE INCARCERATED IN A DISTRICT OF COLUMBIA FACILITY MUST BE SUBMITTED ON COURT APPROVED FORMS. THE APPROPRIATE FORMS ARE ENCLOSED.

OTHER: FILING FEE FOR HABEAS CORPUS IS $5.00."

3. PETITIONER REQUEST "Judicial NOTICE" OF the "BOX SQUARE" UP Above the BOX SQUARES FOR..."OTHER"...TO Which, WAS "NOT"..."Xed" BY Chief Judge HOGAN, To which, STATES...:

"You have "NOT" complied with Conditions of the Order By Judge _____ on _____. A COPY of the Order is Enclosed."

4. The OBVIOUS And APPARENT Biasness And RETALIATION IN A CONCERTED OVERT ACT BY Judge Kennedy For Filing A "Complaint" AGAINST Him And Judge BATES To The SENATE And HOUSE Judiciary Committee is CLEARLY Revealed in Judge Kennedy's Memorandum Opinion. Wherein He STATES:

"Furthermore, Petitioner is BARRED From Filing ANY Civil Action in this Court Without First OBTAINING Permission. See Gill V. Cornyn, Civil Action No. 03-1491 (D.D.C. Nov. 10, 2003). Review of this Record Reveals that Petitioner has Made "NO ATTEMPT" to "Comply" with the Existing BARRING Order. This PETITION Therefore Will Be Denied."

5. That Judge Kennedy, Further, WRONGFULLY, Alleges For His Other Ground For Denial Of The WRIT APPLICATION As Being...:

"He Challenges Rulings Made in "Criminal Proceedings" IN Texas Courts, Matters OVER which this Court Lacks Jurisdiction. Nor does this Court have "Jurisdiction" Over A Challenge To His Confinement. "(A) district Court MAY NOT ENTERTAIN A Habeas Petition involving Present Physical Custody

Pg. III: "UNLESS THE RESPONDENT CUSTODIAN IS WITHIN ITS TERRITORIAL JURISDICTION." Stokes v. U.S. Parole Comm'n, 374 F.3d 1235, 1239 (D.C. Cir. 2004)."

(a) Petitioner would point out to this Court, First, that Judge Kennedy was entirely "Incorrect" in labeling Petitioner's proceedings as being "Criminal Proceedings"... When in "Fact" And "Actual Truth" They Are "Civil Proceedings" that was "Removed" To The Federal Court Of Judge John D. Bates, Civil Action No. 03-CV-01491-JDB. Thusly Judge Kennedy's Reliance And Comparison To A "Criminal Proceedings"... Instead... Of A... "Civil Removal Proceeding"... is... "Deliberately Misplaced" And Works To Deny The Petitioner Due Process And Equal Protection Of Laws that Provides For... "Jurisdiction"... Of This Federal Court Under The "Removal Statutes" 28 U.S.C 1446(d), 1447(c) And For Issuing Of This Court's "Writ Of Habeas Corpus" Pursuant To 28 U.S.C 1446(e), To Which, Was "Totally" And "Deliberately" Overlooked By Judge Kennedy's... "Retaliation" And "Biasness"... For the "Clear Exposure" is Shown In Petitioner's "Motion For Permission To Exercise Citizen's Right To Petition The Federal Government For The Privilege Of The Great Writ Of Habeas Corpus "On Page X Stating"

"Petitioner has "Clearly Shown" his Entitlement To The Privilege Of The Writ Of Habeas Pursuant To... "28 U.S.C 1446(e)"... And 2241(c)(3). He Has Also Shown, That The Bates And Kennedy Courts And The Other District Courts Of The Western District Of Texas Has "Not" Been Following The Established "Rule Of Law" But Rather, As Chief Justice John Roberts Put It... Their... "Looking Out For... Particular Interest"."

This Asserted Statement Is Supported By Federal Statutes 1446(e) And 1447(c) Notes... Wherein The Following Is Found...

"(e). If The Defendant Or Defendants Are In Actual Custody On "Process"

Issued by the State Court... Fishing Court... Shall... Issue Its... "Writ of Habeas Corpus". And the Marshall shall thereupon take such Defendant or Defendants into His Custody and Deliver a copy of the Writ to the Clerk of such State Court."

Moreover, "Prior" to the Amendment of 1446(e), It was formerly known as "1446(F), to which, The Supreme Court Established "The Rule of Law" for Guidelines for "The Removal Judge" to follow in City of Greenwood, Miss. v. Peacock, 86 S.Ct. at pg. 1822 providing....:

"But the... "Removal Statute"... Meanwhile serves a... "Protective Function"... Filing of "The Petition"... "Removes"... "The Case"... And "Automatically Stays"... "Further Proceedings"... in the State Court. 28 U.S.C. 1446(e) 1964(ed). Moreover, if the Defendant is "Confined"... "The Removal Judge"... "Must"... "Without Awaiting"... A... "Hearing". Issue a "Writ" to Transfer The Prisoner to Federal Custody, 28 U.S.C. 1446(F) 1964(ed),... And He "May" then "Enlarge" Him on "Bail"."

The State Clerk's and Federal Clerk's Records "Clearly" reveal that "No" Divestment of... "Federal Jurisdiction"... By... "Mailing"... of a... "Certified Copy"... of... "The Remand Order"... to the "State Clerk"... Has Occurred in Accordance with Federal Statute, 28 U.S.C. 1447(c)... For "Reinvestment" of... "State Jurisdiction". See Attached Copy of State Clerk's Docket Sheet for State Cause No. 93-CT-14511 And Case Law Citings of 28 U.S.C.A. 1447, Note 54- Mailing of Remand Order Requirement providing....:

"Entry of An Order of Remand of "Removed Action" And... "Mailing" A... "Certified Copy"... to... State Court... "Completely" Divests... Federal Court of... "Jurisdiction"... And... "Reinvests"... The State Court with Jurisdiction

Pet.: Pesengers v. Sw.V. Travel, Inc., D.C. N.Y. 1979, 480 F. Supp. 95;

"District Court..." "Retained Jurisdiction" To "Reconsider", Upon Motion, Its "Prior" Ruling that "Remanded" To State Court Action that had been Removed To Federal Court by Defendants..."Where "No "Formal Order Of Remand" Had "Yet" Been "Forwarded By Federal Court Clerk" To..."State Court". " State of La. v. Sprint Communications Co., M.D. La. 1995, 899 F. Supp. 282. Removal of Cases Key 107(4);

Moreover, The Texas Supreme Court has established in "Uniformity" with Federal Statute And Federal Decisional Law the "Reinvestment" Of..."State Court's Jurisdiction"... In Quaestor Invs., Inc. v. State of Chiapas, 997 S.W.2d 226, 229 (Tex. 1999) As occurring...:

" (W)e hold that ..."Jurisdiction Reinvests"...in the State Court when "The Federal District Court"..."Executes"..."The Remand Order"...And..."Mails"...A..."Certified Copy"...To..."The State Court"..."

In Hyde Park Partners, L.P. v. Connolly, 839 F.2d 837, The Federal Appellant Court held...:

" "Every Order"...Made in Court..."Following"..."Removal"... Is..."Void"...Ab Initio...Even if it is Eventually Determined that "Removal"..."Was Improper". "

The Attached "State Clerk's Docket Sheet"...shows...that on October 8th, 2003 Petitioner Filed His..."Notice Of Removal"...Of State Cause No. 93-CI-14511 to the Federal District Court Of The District Of Columbia. The Federal Clerk's Records show that on "November 10th, 2003", Removal Judge Bates Entered A "Order Of Remand". The Attached Exhibit "State's

Pg. II°  ...January 15, 2006"...Shows that the STATE issued A..."Commitment Order"...For the Petitioner to Be Placed in Bexar County Jail on..."November 12th, 2003"..."Two Days"..."After"... Entry of the Order of Remand...And..."Prior"...To..."Mailing"... Of a..."Certified Copy"...Of Said Order By the Federal Clerk.

"The Rule of Law"...Provides the Following:

" "Every Order"...Made in Court..."Following Removal"...Is... "Void"...Ab Initio Even if it is eventually determined that "Removal" ..."Was Improper"."Id.; See Also, Steamship Co. v. Tubman, 106 U.S. 118, 122-123, 1 S.Ct. 58, 60-61, 27 L.Ed. 87 (1882) Providing...:

" "Hence..."After" Removal..."The Jurisdiction" of the State Court... "Absolutely Ceases"...And The State Court Has A..."Duty"..."Not"..To "Proceed" Any Further...In The Case. "Any"...Subsequent Proceedings In State Court On The Case...Are..."Void"...Ab Initio. "

The State's Commitment Orders For November 12th, 2003 And Subsequent..."Commitment Order"...For February 27th, 2004 Are "Null" And "Void" For Want Of "Jurisdiction"...Because There Was "Not" A... "Mailing"...Of A..."Certified Copy"...Of The..."Order of Remand"... By..."The Federal Clerk's Office" To The "State's Clerk Office"...As Required By 28 U.S.C. 1447(c).

" "District Court..."Retained Jurisdiction"...To..."Reconsider", Upon Motion, Its "Prior" Ruling That "Remanded" To State Court Action That Had Been Removed To Federal Court By Defendants... Where "No" Formal Order of Remand Had Yet Been "Forwarded" By Federal Court Clerk...To...State Court. "State of LA. v. Sprint Communication Co. Supra;

Pro. II. Petitioner Received "Judicial Notice" That He Filed Out A Civil Cover Sheet That Was Returned With His Motions By Chief Judge Hogan In The Following Manner....:

"I. ORIGIN: (x) 2. Removed From State Court;
II. Cause Of Action (Cite the U.S. Civil Statute Under Which You Are "Filing" And Write A Brief Statement Of Cause.)..."28 U.S.C. 1446(E)"...And 2241(c)(3)...Plaintiff Removed His State Proceeding To D.C. The State did Not Wait For "ReInvestment" Of Jurisdiction Under 1447(C). It Continued With Its Proceedings And Entered Defiant Orders Violating 1446(d)."

Petitioner Asserts that the Kennedy Court took A..."Deliberate Bias Reading" Of Petitioner's Motions And "Writ Application" in Order To "Obstruct Justice"...For the Federal Records Will Clearly Revealed that in Cause No. 04-CV-02068-HHK Petitioner Filed A "Motion For Out Of Time Appeal" That Was "Not" Out Of Time due To The "Mail Box Rule"...In May, 2005...To Which, Judge Kennedy did "Not" And "Has Not"...Found "The Time" To Make A Ruling on the "Right To Appeal". He is "Not" Bound By the "Stare Decisis Doctrine"...Nor is Judge John Bates...By Their Wanton Actions Of..."Miscarriage Of Justice"...And..."Obstruction Of Justice". Wherefore, Petitioner Petition This Court For A "Different Pair Of Impartial Judicial Eyes"...To..."Consider"..."The Right"...To A Writ Of Habeas Corpus "Under"..."The Removal Statue" (28 U.S.C. 1446(E)" And Whether, Federal Court Jurisdiction Was "Divested" By the "Mailing" Of A..."Certified Copy" Of The Federal Order Of Remand To "The State Clerk" As "Required" By 28 U.S.C. 1447(C). And:

Further, Grant Petitioner's Recusal Motion For Judge Kennedy And Judge Bates: And:

Further, Grant Petitioner's Motion To Be Released On P.R. Bail;

I do declare under the penalty of perjury that the above going is true and correct.

Signed: the 10th day of February, 2006; /s/ _____

CC: Files;
Sen. Charles Schumer For Senate Judiciary Cmte.
Sen. Arlene Specter, Chairman
Rep. John Conyers For House Judiciary Cmte.
Rep. Shelia Jackson Lee

Robert Lee Gill, Jr.
Sid No. 23263
200 N. Comal
San Antonio, TX 78207

## Certificate of Service

I hereby certify that a true and correct copy of the above going motion, affidavits has been served upon the Respondent at his last known address.

Done: The 10th day of February, 2006; /s/ _____

Robert Lee Gill, Jr.

NCP NAME/OBLIGOR: Robert Gill
CP NAME: Marva Johnson
AG ACCOUNT NO.: 0009114251
SID #: 1028511    EAST

CAUSE NO. 93CI-14511

| | | |
|---|---|---|
| IN THE INTEREST OF | X | IN THE 225 JUDICIAL |
| Rochelle Gill | X | DISTRICT COURT OF |
| MINOR CHILD(REN) | X | BEXAR COUNTY, TEXAS |

## CONDITIONAL RELEASE ORDER

On the 15 day of JANUARY, 2004, Obligor Robert Gill, in the above styled and numbered cause was brought before this Court pursuant to an Order of Commitment issued on the 12 day of November, 2003, by which Order, the said Obligor was ordered to be attached and committed to the Bexar County jail. Pursuant to said Order, Obligor, has been confined in the Bexar County jail for 16 days, and is before the Court for a hearing to review Obligor's confinement ordered therein. Movant is by the Attorney General of Texas.

Hearing had been reset on the conditional release of Obligor and he/she is ordered to appear before the Court on the date set herein.

The Court expressly reserves the right to reincarcerate Obligor for the original term of commitment should he/she fail to appear and/or fail to comply with the conditions herein.

Obligor is ORDERED to appear before this Court at 9:00 o'clock a.m., on the 26 day of January, 2004 on the nonjury docket. Floor, Room ___, Bexar County Courthouse, San Antonio, TEXAS.

$ 0 WAS PAID FOR OBLIGOR'S RELEASE FROM BEXAR COUNTY JAIL.

IT IS THEREFORE ORDERED that Robert Gill, Obligor herein, be on this date released from the Bexar County jail and the Sheriff is ORDERED to obtain Obligor's signature below prior to release.

Signed this 16 day of Jan, 20 04

_____
JUDGE PRESIDING

APPROVED:

_____
Frank Gonzalez
Assistant Attorney General
Child Support Litigation Division
State Bar No. 08125650
1130 Gembler Rd.
San Antonio, Texas 78219
Telephone No. 210-337-5303
FAX No. 210-359-3030

_____
OBLIGOR